**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Anthony D. Harris

    v.                             Civil No. 15-cv-305-SM

Warden E.L. Tatum, Jr.

## REPORT AND RECOMMENDATION

Anthony D. Harris, a federal prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of a sentence imposed upon him in the District of Connecticut.  The petition is before this court for preliminary review, to determine whether the § 2241 petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

## Standard

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states a claim to relief that appears legally sufficient.  See McFarland v. Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner proceeds pro se, the assertions in the petition are construed liberally.  See

1

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).


**Background**

**I.   Sentencing**

On May 21, 2007, Harris was sentenced in the District of
Connecticut on three offenses, as follows:

- Count 1, Possession with Intent to Distribute Five
  Grams or More of Cocaine Base: 240 months

- Count 2, Carrying a Firearm in Furtherance of a Drug
  Trafficking Offense: 180 months (to run concurrently
  with the term imposed in Count 1)

- Count 3, Possession of a Firearm by a Convicted
  Felon: 60 months (to run consecutively to the term
  imposed on Count 1)

United States v. Harris, No. 3:04-cr-00360-RNC (D. Conn.) (May
7, 2007), ECF No. 139.  Harris's sentence was enhanced pursuant
to both 21 U.S.C. § 851, and the Armed Career Criminal Act, 18
U.S.C. § 924(e)(1) ("ACCA"), based on prior convictions
obtained in the Connecticut state courts, including, among
others, a 2002 third-degree attempted robbery conviction, a
2001 first-degree assault conviction, and a 1992 felony drug
conviction.  One or more of Harris's predicate state court
convictions were obtained through Harris's Alford[1] plea.

---

[1] Cf. North Carolina v. Alford, 400 U.S. 25 (1970).

## II. <u>First 28 U.S.C. § 2255 Action</u>

In 2009, Harris filed his first motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255.  <u>See</u> <u>Harris v. United States</u>, No. 3:09-cv-00941-RNC (D. Conn.) ("§ 2255 Case"), ECF No. 1.  The District of Connecticut dismissed the § 2255 action on July 25, 2013, specifically rejecting Harris's claim that his sentence had been improperly enhanced under 21 U.S.C. § 851.  <u>See id.</u>, ECF Nos. 34, 35.

## III. <u>Successive § 2255 Action</u>

On January 13, 2016, the Second Circuit denied Harris's application to file a successive § 2255 motion, by means of which Harris sought to assert claims that his sentence was improperly enhanced under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and 21 U.S.C. § 851.  <u>See</u> <u>Harris v. United States</u>, No. 15-2679 (2d Cir. Jan. 13, 2016); § 2255 Case, ECF No. 42. In denying Harris's application, as to Harris's § 851 claim, the Second Circuit ruled as follows:

> To the extent Petitioner challenges his sentence on the
> grounds that (a) his prior convictions were the
> products of [<u>Alford</u> pleas]; (b) his Presentence
> Investigation Report relied on descriptions of the
> prior felonies found in police reports; and (c) his
> enhancement for the 1992 drug conviction under 21
> U.S.C. § 851 was not appropriate, those challenges are
> barred because they were raised in a prior § 2255
> motion.  Even if those claims were considered new,

3

however, they are not based on new evidence or a new
rule of constitutional law, made retroactive to cases
on collateral review by the Supreme Court.

Harris, No. 15-2679, slip op. at 1-2 (citations omitted).  As

to Harris's Johnson claim with respect to the ACCA enhancement,

the Second Circuit ruled as follows:

> With regard to Petitioner's challenge to the sentencing
> enhancement imposed pursuant to 18 U.S.C. § 924(e),
> Petitioner has not made a prima facie showing that
> . . . [Johnson] entitles him to relief.  Petitioner's
> 2001 first-degree assault and 2002 third-degree
> attempted robbery convictions were not implicated by
> Johnson, because both are violent felonies within the
> meaning of 18 U.S.C. § 924(3)(2)(B)(i) and not the
> residual clause of § 924(e)(2)(B)(ii).  To the extent
> Petitioner also challenges the use of his 1992 drug
> conviction as a predicate offense for the § 924
> enhancement, Petitioner has not shown that this
> argument is based on a new rule of constitutional law.

Harris, No. 15-2679, at *2 (citations omitted).


### Discussion

Harris now files the instant § 2241 petition, asserting

the claims that he previously raised in his Second Circuit

application to file a successive § 2255 motion.  Harris alleges

that, under the "savings clause" contained in § 2255(e), he may

seek relief under § 2241, because § 2255 is "inadequate or

ineffective to test the legality of his detention."  28 U.S.C.

§ 2255(e).  Harris also asserts that he is "actually innocent"

of eligibility for enhancements based on his predicate

offenses.

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  Harris was able to raise his claims based on § 851 in his first § 2255 action in the District of Connecticut; he did so in arguing that his trial counsel's failure to object to the § 851 sentence enhancement was ineffective assistance of counsel.

In denying relief on that claim, the District of Connecticut found that:

> If Harris's counsel had successfully challenged the § 851 enhancement, the bottom of the guideline range would have been 360 months.  The sentence Harris received was 60 months less than that[,]. . . the sentence was calculated, not mechanically on the basis of the low end of the range, but only after considering the [applicable statutory sentencing] factors enumerated.  Thus, had Harris's counsel successfully challenged the § 851 enhancement, the sentence still would have been the same – a non-Guidelines sentence of 300 months' imprisonment.

Harris, No. 3:09-cv-00941, at 7 (D. Conn. 7/25/13).  The savings clause does not provide Harris with an opportunity to relitigate a claim that the District of Connecticut previously reviewed and rejected in a § 2255 proceeding.  See Fabian v.

Lewisburg, 588 F. App'x 203, 205 (3d Cir.), cert. denied, 136
S. Ct. 514 (2015).

As to Harris's Johnson claim, the Second Circuit denied
relief because Harris has three prior convictions that qualify
as predicate convictions for an enhancement under the ACCA in a
manner other than through that statute's residual clause. In
other words, even if Harris's "residual clause" felony
convictions were not counted, there were a sufficient number of
qualifying predicate convictions in his criminal record to
render him eligible for the ACCA enhancement. It is the
inapplicability of Johnson to Harris's circumstances, and not
the configuration of § 2255 itself, that rendered Harris unable
to obtain relief under § 2255.

The procedures available under § 2255 – specifically, the
first § 2255 motion in the District of Connecticut and the
process of applying to the Second Circuit for leave to file a
successive § 2255 motion – already provided Harris with an
opportunity to obtain judicial review of his claims. Harris
has thus failed to show that the remedy available under § 2255
is inadequate or ineffective in his case to test the validity
of his conviction and sentence. Accordingly, this court lacks
savings clause jurisdiction over Harris's § 2241 petition, see
Trenkler, 536 F.3d at 99, and for that reason, and the district

6

judge should dismiss this case for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should dismiss Harris's § 2241 petition for lack of jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

Andrea K. Johnstone
United States Magistrate Judge

January 26, 2016

cc:  Anthony D. Harris, pro se
     Seth R. Aframe, Esq.